IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSE JESUS MENDEZ-MADARRO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | EP-15-CV-29-KC |
| § | |
| DEPARTMENT OF HOMELAND § SECURITY, § | |
| § | |
| Respondent. § | |

## ORDER

On this day, the Court considered Petitioner Jose Jesus Mendez-Madarro's Petition for Writ of Habeas Corpus and Release from Detention (the "Petition"), ECF No. 1, in the above-captioned case (the "Case"). Petitioner seeks an order from this Court compelling the United States Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") (collectively, "Respondents") to release him from their custody because Respondents have thus far been unable to obtain the travel documents necessary to deport Petitioner to Cuba. *See* Pet. 1. For the reasons set forth below, the Court **DENIES** the Petition, and **DISMISSES** the Case without prejudice.

After an Immigration Judge enters a final order of removal, the post-removal statute, codified at 8 U.S.C. § 1231, allows the Government to detain aliens pending actual removal. 8 U.S.C. § 1231(a); *Zadvydas v. Davis*, 533 U.S. 678, 682-83 (2001). The Supreme Court has interpreted 8 U.S.C. § 1231 to "limit[] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. In acknowledging that it was "practically necessary to recognize some

1

presumptively reasonable period of detention," the Court in *Zadvydas* held that an alien's habeas claim does not ripen until he has been detained for a period of at least six months. *Id.* at 701. "After this [six]–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner alleges that he was first detained by ICE pending removal on October 20, 2014. Pet. 2. As a result, Petitioner's detainment has not yet exceeded the presumptively reasonable six-month period of confinement. *See Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds that the Petition is untimely, and is therefore **DISMISSED** without prejudice.

**SO ORDERED**

The Clerk shall close the Case.

SIGNED this 17th day of February, 2015.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE